IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DIEGO CERVANTES, Individually and on Behalf of the Invesco 401(k) Plan and All Others Similarly Situated, | : : : : : | |
| Plaintiff, | : : | CLASS ACTION |
| v. | : : | |
| INVESCO HOLDING COMPANY (US), INC., et al. | : : : | CIVIL ACTION NO. 1:18-cv-02551-AT |
| Defendant. | : | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, an action is pending before this Court entitled *Diego Cervantes v. Invesco Holding Company (US), Inc., et al.*, Civil Action No. 1:18-cv-02551-AT (the "Action");

WHEREAS, Plaintiff having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with an Amended Settlement Agreement dated as of April 1, 2020 ("Settlement Agreement," Doc. 93-1), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Settlement Agreement and does hereby find that the Court will likely be able to approve the Settlement under Federal Rule of Civil Procedure 23(e)(2). The Court preliminarily approves the Settlement Amount and procedure for distribution of the Settlement Amount to the class set forth in the Settlement Agreement as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below. The Court will consider the fairness, reasonableness, and adequacy of the Plan of Allocation at the Settlement Hearing, after reviewing the Report of the Independent Fiduciary referred to in Paragraph 11 of this Order, and any objections filed under Paragraph 13 and responses filed thereto.

2.     Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all participants in the Invesco 401(k) Plan from May 25, 2012 to the date of the Final Judgment and Order of Dismissal with Prejudice. Excluded from the Class are Defendants and members of the Invesco Benefits Plan Committee.

3.     The Court finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so

numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiff are typical of the claims of the Class it seeks to represent; (d) Plaintiff and Class Counsel have and will fairly and adequately represent the interests of the Class; (e) prosecuting separate actions by individual Class Members would create a risk of: (i) inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants, and (ii) adjudication with respect to individual Class Members that, as a practical matter, would be dispositive of the other members of the Class or would substantially impair or impede their ability to protect their interests.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Plaintiff is preliminarily certified as the Class Representative and Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel.

5.      The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

6.      A hearing (the "Settlement Hearing") shall be held before this Court on **Friday, August 7, 2020, at 2:30 PM**, at the United States District Court for

3

the Northern District of Georgia, 2388 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta GA 30303-3309, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court; whether the proposed Final Judgment and Order of Dismissal with Prejudice as provided under the Settlement Agreement should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine whether the Class should be finally certified for purposes of the Settlement only; to determine whether Plaintiff and Class Counsel should be finally appointed as Class Representative and Class Counsel, respectively, for purposes of the Settlement only; to determine the amount of fees and expenses that should be awarded to Class Counsel; to determine whether an Incentive Award should be awarded to Plaintiff; and to address such other matters relating to this Settlement as may properly be before the Court. The Court may adjourn the Settlement Hearing without further notice to the members of the Class.

7.      The Court approves, as to form and content, the Notice and Former Participant Rollover Form annexed hereto as Exhibits A-1 and A-2, respectively, and finds that the mailing and distribution of the Notice substantially in the manner and form set forth in ¶9 of this Order: (a) constitute the best notice to Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement

4

Agreement and of the Settlement and to apprise Class Members of their right to object to the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), the Rules of this Court, and other applicable law.

8.     The firm of Analytics ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as implement the Plan of Allocation and to distribute the Net Settlement Amount to Class Members as more fully set forth below.

9.     Not later than **Monday, April 13, 2020** (the "Notice Date"), the Claims Administrator shall commence mailing the Notice (and for Former Participants will include the Former Participant Rollover Form), substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and to be posted on its website at www.InvescoERISASettlement.com.

10.     At least seven (7) calendar days prior to the Settlement Hearing, Class Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing.

11.     The Company, in consultation with Plaintiff's counsel, has selected and retained an experienced Independent Fiduciary to review the Settlement on behalf of the Plan and determine whether to authorize the Plan to release the

claims against Defendants and whether it is necessary to file an objection to the Settlement. As an impartial third party, the Independent Fiduciary will review the Action and the Settlement, including the claims alleged against Defendants, the terms of the Settlement, the Plan of Allocation of Settlement proceeds, and the request for attorneys' fees and expenses. The Independent Fiduciary will submit its findings to the Parties in a written report, which will be filed with the Court at least 42 calendar days before the Fairness Hearing.

12. Any member of the Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

13. Any member of the Class may appear and show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to counsel for Plaintiff, or why an Incentive Award to Plaintiff should or should not be awarded; provided, however, that no Class Member or any other person shall be heard or entitled to contest such matters, unless that person has delivered by hand or sent by First-Class Mail written objections and copies of any papers and briefs such that they are received, not simply postmarked, on or before **Friday, July 17, 2020**, by Robbins Geller Rudman & Dowd LLP, Evan J. Kaufman, 58 South Service Road, Suite 200, Melville, NY 11747; and Skadden, Arps, Slate, Meagher & Flom LLP,

James R. Carroll, 500 Boylston Street, Boston, MA 02116, and filed said objections, papers, and briefs with the Clerk of the United States District Court for the Northern District of Georgia, 2388 Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309, on or before **Friday, July 17, 2020**. Any objections must: (i) state the name, address, and telephone number of the objector and must be signed by the objector; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees or expenses in this Action; and (iii) state the objection(s) and the specific reasons for each objection, including any legal and evidentiary support the objector wishes to bring to the Court's attention. The Court will consider a Class Member's objection only if the Class Member has complied with the above requirements. Any member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Settlement Agreement, to the Plan of Allocation, or to the award of attorneys' fees and expenses to counsel for Plaintiff or expenses of Plaintiff, unless otherwise ordered by the Court. Class Members submitting written objections are not required to attend the Settlement Hearing, but any Class Member wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses must file a written objection and indicate in the written objection their intention to appear at the hearing.

14.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

15.     All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by counsel for Plaintiff for attorneys' fees and expenses and Incentive Award for Plaintiff shall be filed and served by **Friday, July 3, 2020**.  Replies to any objections shall be filed and served **Friday, July 31, 2020**.

16.     None of the Released Parties nor the Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

18.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor any of his counsel

shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶3.2(a) or 4.5 of the Settlement Agreement.

19.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

21.     If the Settlement Agreement and the Settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and Settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the Parties status quo ante as set forth in ¶10.3 of the Settlement Agreement.

22.     Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the proposed Settlement should be approved, neither the Plaintiff nor any Class Member, directly or indirectly, representatively, or in

any other capacity, shall commence or prosecute against any of the Defendants, any action or proceeding in any court or tribunal asserting any of the Plaintiff's Released Claims.

23.   Except to the extent the Parties may agree to resolve through mediation or arbitration any disputes that may arise prior to the entry of judgment, the Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED** this 3rd day of April, 2020.

**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| DIEGO CERVANTES, Individually and on Behalf of the Invesco 401(k) Plan and All Others Similarly Situated, | ) ) ) | Civil Action No. 1:18-cv-02551-AT |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | NOTICE OF PENDENCY AND |
| | ) | PROPOSED SETTLEMENT OF |
| vs. | ) | CLASS ACTION |
| | ) | |
| INVESCO HOLDING COMPANY (US), INC., et al., | ) ) | EXHIBIT A-1 |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA**

**If you are currently a participant in the Invesco 401(k) Plan (the "Plan") or were a participant in the Plan at any time from May 25, 2012 to the present, you are a part of a class action settlement.[1]**

IMPORTANT
PLEASE READ THIS NOTICE CAREFULLY
THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION
LAWSUIT AND, IF YOU ARE A SETTLEMENT CLASS MEMBER,
CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS TO
OBJECT TO THE SETTLEMENT

*A Federal Court authorized this notice.  You are not being sued.*
*This is not a solicitation from a lawyer.*

- A Settlement has been reached in a class action lawsuit against Invesco Holding Company (US), Inc., Invesco LTD., Invesco National Trust Company, Invesco Advisers, Inc., Invesco Benefits Plan Committee, Suzanne Christensen, John Coleman, Washington Dender, Peter Gallagher, David Genova, Douglas Sharp, Ben Utt, Gary Wendler, Kevin M. Carome, Loren M. Starr, and John Does 1-20 (collectively, "Invesco").  The class action lawsuit involves whether Invesco complied with its fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") in managing the Plan.

- You are included as a Class Member if you are currently a Plan participant, or if you were a Plan participant at any time from May 25, 2012 to the present (the "Class Period").

- Invesco has agreed to pay $3,470,000.00 into a settlement fund.  Class Members are eligible to receive a pro rata share of the Net Settlement Fund, which is the amount in the settlement fund remaining after payment of

---

[1]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Amended Settlement Agreement dated April 1, 2020 (the "Settlement Agreement").

administrative expenses, taxes, tax expenses, any attorneys' fees and expenses that the Court awards to Plaintiff's lawyers, and any incentive award to Plaintiff. The amount of each Class Member's payment is based on his or her Plan account balance. Payments to current Plan participants will be deposited into their respective Plan accounts. Payments to former Plan participants will be made directly to former Plan participants by check, or former Plan participants can instead elect to receive their payment through a rollover to a qualified retirement account.

- Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

| THIS TABLE CONTAINS A SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OBJECT BY [DATE]** | You may write to the Court if you don't like the Settlement to explain why you object. |
| **ATTEND A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will get a share of the Settlement benefits to which you are entitled and will give up your rights to sue Invesco about the allegations in this case. |

## BASIC INFORMATION

### 1.     What is this notice and why should I read it?

A court authorized this notice to let you know about a proposed settlement of a class action lawsuit called *Diego Cervantes v. Invesco Holding Company (US), Inc., et al.*, Civil Action No. 1:18-cv-02551-AT (the "Action"), brought on behalf of the Class Members, and pending in the United States District Court for the Northern District of Georgia. You need not live in Georgia to get a benefit under the Settlement. This notice describes the Settlement. Please read this notice carefully to determine whether you wish to participate in the Settlement. Your rights and options – **and the deadlines to exercise them** – are explained in this notice. Please understand that if you are a Class Member, your legal rights are affected regardless of whether you act.

| **2.** | **What is a class action lawsuit?** |

A class action is a lawsuit in which one or more plaintiffs sue on behalf of a group of people who allegedly have similar claims ("Plaintiff"). After the Parties reached an agreement to settle this case, the Court granted preliminary approval of the Settlement and preliminarily determined that the case should be treated as a class action for settlement purposes. Among other things, this preliminary approval permits Class Members to voice their support for or opposition to the Settlement before the Court makes a final determination as whether to approve the Settlement. In a class action, the court resolves the issues for all class members.

### THE CLAIMS IN THE LAWSUIT AND THE SETTLEMENT

| **3.** | **What is this lawsuit about?** |

Plaintiff filed a class action complaint against Defendant Invesco Holding Company (US), Inc. and the other Defendants on behalf of a class of Plan participants alleging that Invesco breached its fiduciary duties and committed prohibited transactions under ERISA by including investment options in the Plan that are affiliated with Invesco ("Affiliated Funds"). Specifically, Plaintiff alleged that Defendants breached their fiduciary duties by, among other things, including Invesco-managed investment options in the Plan and failing to engage in a prudent process to monitor the Plan's investment options. A more complete description of what Plaintiff alleges is in the Amended Complaint for Liability Under ERISA, which is available on the Settlement Website at www.InvescoERISASettlement.com.

Invesco denies Plaintiff's claims of wrongdoing or liability against it, and asserts that its conduct was lawful. Invesco is settling the Action solely to avoid the expense, inconvenience, and inherent risk and disruption of litigation.

| **4.** | **Why is there a Settlement?** |

The Court has not decided in favor of either side in the case. Instead, both sides agreed to a settlement. That way, both sides avoided the cost and risk of a trial, and the affected current and former Plan participants will get substantial benefits that they would not have received if Plaintiff had litigated the case and lost. The Plaintiff and his attorneys think the Settlement is in the best interests for everyone who participated in the Plan during the Class Period.

## WHO'S INCLUDED IN THE SETTLEMENT?

| 5. | How do I know if I am in the Class? |
|---|---|

The Court decided that everyone who fits this description is a member of the **Class**:

All current and former participants in the Plan who carried a positive account balance from May 25, 2012 to the date on which the Settlement is finally approved by the Court.

The Court has excluded from the Class Invesco Holding Company (US), Inc., Invesco LTD, Invesco National Trust Company, Invesco Advisers, Inc., the Invesco Benefits Plan Committee, Suzanne Christensen, John Coleman, Washington Dender, Peter Gallagher, David Genova, Douglas Sharp, Ben Utt, Gary Wendler, Kevin M. Carome, and Loren M. Starr during the Class Period.

If you meet the definition above, you are a member of the Class.

## THE SETTLEMENT BENEFITS

| 6. | What does the Settlement provide? |
|---|---|

Invesco has agreed to pay $3,470,000.00 to Class Members.  That amount, less amounts for expenses associated with administering the Settlement, the Independent Fiduciary, taxes, tax expenses, as well as attorneys' fees, litigation expenses, and an incentive award to Plaintiff (the latter three categories of which must be approved by the Court), is the "Net Settlement Fund."  Class Members will receive their pro rata share of the Net Settlement Fund.  (*See* Question No. 8.)  The amount of each Class Member's payment is based on the size of his or her Plan account balance, including the proportion of his or her Plan account balance that is invested in Affiliated Funds.

Calculation of payments to individual Class Members.  Payments to each Class Member shall by calculated by the Settlement Administrator as follows, based on information provided by the Recordkeeper:

(a)     A *Settlement Allocation Score* shall be calculated for each participant and will be the basis for each participant's settlement payment.  A participant's *Settlement Allocation Score* is based on their account balance during the Class Period and how that balance was allocated to the individual investment options in the Plan.  First, the

Settlement Administrator shall calculate a participant's *Settlement Allocation Score* based on a total of each quarter's ending account balance. Each dollar invested in Proprietary Funds[2] equals four (4) points, and each dollar invested in Non-Proprietary Funds[3] equals one (1) point.[4] The *Settlement Allocation Score* (or total points) is then used to determine a participant's *Average Settlement Allocation Score*. This average

---

[2] "Proprietary Funds" means the following funds, regardless of share class: Invesco American Franchise (formerly Invesco Van Kampen American Franchise), Invesco American Franchise Trust, Invesco Balanced-Risk Allocation Trust, Invesco Core Plus Fixed Income Trust (formerly Invesco Core Fixed Income Trust), Invesco Developing Markets, Invesco Diversified Dividend, Invesco Diversified Dividend Trust, Invesco Dynamics, Invesco Emerging Market Equity Trust, Invesco Equity Real Estate Securities Trust, Invesco Floating Rate, Invesco Growth and Income (formerly Invesco Van Kampen Growth and Income), Invesco Growth and Income Trust, Invesco High Yield, Invesco International Equity Trust, Invesco International Growth Equity Trust, Invesco International Growth Trust, Invesco Mid Cap Growth, Invesco Mid Cap Growth Trust, Invesco Retire Trust 500 Index (formerly Invesco S&P 500 Index Trust), Invesco Small Cap Growth, Invesco Stable Value Trust, Invesco Stock Fund, Invesco US Quantitative Small Value Trust, and Invesco US REITs Trust.

[3] "Non-Proprietary Funds" means the following funds, regardless of share class: Artisan Mid Cap Value, DFA Inflation-Protected Securities, LASSO Long&Short Strategic Opportunities, PIMCO Real Return, SSgA Global Equity ex U.S. Index NL SF, SSgA REIT Index NL SF, SSgA Russell Large Cap Growth Index NL SF (formerly SSgA Russell 1000 Growth Index), SSgA Russell Large Cap Value Index NL SF (formerly SSgA 1000 Value Index), SSgA S&P Midcap R Index NL SF (formerly SSgA Mid Cap Index), SSgA US Bond Index NL SF (formerly SSgA Passive Bond Market Index Index), SSgA US Inflation Protected Bond Index NL (formerly SSgA Treasury Inflation Protected Securities Index), Victory Sycamore Established Value, SSgA US Aggregate Bond Market Index, and the Schwab Personal Choice Retirement Account.

[4] Mathematically stated, each quarterly *Settlement Allocation Score* calculation is as follows: (Proprietary Funds quarter ending balance * 4) + (Non-Proprietary Funds quarter ending balance).

- 5 -

is calculated by taking the participant's quarterly *Settlement Allocation Scores* during the Class Period and dividing them by the number of quarters[5] during the Class Period.[6]

(b)    The Settlement Administrator shall then determine the settlement payment for each participant by calculating each such participant's *pro rata* share of the Net Settlement Fund (the net amount available to distribute to all participants).  A participant's *pro rata* share of the Net Settlement Fund is determined by comparing the participant's *Average Settlement Allocation Score* to the sum of *Average Settlement Allocation Scores* for all participants.

If you are a Class Member (*see* Question No. 5) and you are currently a Plan participant, your payment will be deposited into your Plan account in accordance with your investment elections for new contributions.  If you have not made any such

---

[5]    Partial quarters at the beginning of the Class Period are weighted by the percentage of days in the quarter.

[6]    The mathematical equation for the *Average Settlement Allocation Score* calculation is as follows: (Q2 2012 Settlement Allocation Score * 36/91) + (Q3 2012 Settlement Allocation Score) + (Q4 2012 Settlement Allocation Score) + (Q1 2013 Settlement Allocation Score) + (Q2 2013 Settlement Allocation Score) + (Q3 2013 Settlement Allocation Score) + (Q4 2013 Settlement Allocation Score) + (Q1 2014 Settlement Allocation Score) + (Q2 2014 Settlement Allocation Score) + (Q3 2014 Settlement Allocation Score) + (Q4 2014 Settlement Allocation Score) + (Q1 2015 Settlement Allocation Score) + (Q2 2015 Settlement Allocation Score) + (Q3 2015 Settlement Allocation Score) + (Q4 2015 Settlement Allocation Score) + (Q1 2016 Settlement Allocation Score) + (Q2 2016 Settlement Allocation Score) + (Q3 2016 Settlement Allocation Score) + (Q4 2016 Settlement Allocation Score) + (Q1 2017 Settlement Allocation Score) + (Q2 2017 Settlement Allocation Score) + (Q3 2017 Settlement Allocation Score) + (Q4 2017 Settlement Allocation Score) + (Q1 2018 Settlement Allocation Score) + (Q2 2018 Settlement Allocation Score) + (Q3 2018 Settlement Allocation Score) + (Q4 2018 Settlement Allocation Score) + (Q1 2019 Settlement Allocation Score) + (Q2 2019 Settlement Allocation Score)+ (Q 3 2019 Settlement Allocation Score) + (Q4 2019 Settlement Allocation Score) ***divided by*** 30.40 quarters during the Class Period.

Cases\4840-9105-2211.v7-3/31/20

elections, your payment will be invested in the Plan's qualified default investment alternative.

If you are a beneficiary entitled to receive payments on behalf of a Class Member (a "Beneficiary"), you will receive your payment under the Settlement directly in the form of a check.  If you are an alternate payee entitled to receive payments on behalf of a Class Member pursuant to a Qualified Domestic Relations Order (an "Alternate Payee"), you will receive your payment of the Settlement (pursuant to the terms of your Qualified Domestic Relations Order) directly in the form of a check.

If you are a Class Member and you *previously* participated in the Plan but no longer do so (or you are a Beneficiary or an Alternate Payee of such a Class Member), then you will receive a payment under the Settlement directly in the form of a check.   You do not have to submit a claim to receive a payment under the settlement. *If, however, you would prefer to receive your settlement payment through a rollover to a qualified retirement account, you must complete, sign, and mail the enclosed Former Participant Rollover Form by [10 days before Fairness Hearing, 2020].*

### HOW TO GET BENEFITS

| **7.    How do I get benefits?** |
|---|

Class Members do not have to submit claim forms in order to receive settlement benefits.

The benefits of the Settlement will be distributed automatically once the Court approves the Settlement, either to Class Members' Plan accounts (for current Plan participants) or by check (for former Plan participants, and eligible Beneficiaries and Alternate Payees of Class Members).   (*See* Question No. 6.)   **Former Plan participants who would prefer to receive their settlement payment through a rollover to a qualified retirement account must complete, sign, and mail the enclosed Former Participant Rollover Form by [10 days before Fairness Hearing, 2020]**.  Former Plan participants who fail to complete, sign, and mail their Former Participant Rollover Form will receive their Settlement distribution by check.

| **8.    When will I get my payment?** |
|---|

If you are a current Plan participant, then you will receive your pro rata share of the Net Settlement Fund in the form of a deposit into your Plan account effective no later

than forty (40) days after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.  The hearing to consider the final fairness of the Settlement is scheduled for [_____, 2020].

Any eligible Beneficiaries or Alternate Payees will receive their payment under the Settlement in the form of a check within forty (40) days after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

If you are a former Plan participant (or a Beneficiary or Alternate Payee of such participant) who timely submits a Former Participant Rollover Form, the Settlement Administrator will effect a rollover of your pro rata share of the Net Settlement Fund to your qualified retirement account selected in that form within forty (40) days after the settlement has received final approval and/or after any appeals have been resolved in favor of the settlement.  If you are a former Plan participant (or a Beneficiary or Alternate Payee of such participant) who does not submit a Former Participant Rollover Form, a check in the amount of your pro rata share of the Net Settlement Fund will be issued to you within forty (40) days after the Settlement has received final approval and/or after any appeals have been resolved in favor of the Settlement.

These payments may have certain tax consequences; you should consult your tax advisor.

## THE LAWYERS REPRESENTING YOU

| **9.    Who represents the Settlement Class?** |
| --- |

For purposes of the Settlement, the Court has appointed lawyers from the law firm of Robbins Geller Rudman & Dowd LLP as Class Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.  In addition, the Court appointed Plaintiff Diego Cervantes to serve as the Class Representative. He is also a Class Member.

Subject to approval by the Court, Class Counsel has proposed that up to $5,000 may be paid to Plaintiff as the Class Representative in recognition of time and effort he expended on behalf of the Class.  The Court will determine the proper amount of any award to Plaintiff.  The Court may award less than that amount.

| 10.    How will the lawyers be paid? |
|---|

From the beginning of the case, which was filed in May 2018, to the present, Class Counsel have not received any payment for their services in prosecuting the case or obtaining the Settlement, nor have they been paid for any litigation expenses they have incurred.  Class Counsel will apply to the Court for an award of attorneys' fees not to exceed 33% of the $3,470,000.00 settlement amount plus their litigation expenses incurred in the prosecution of the case.  The Court will determine the proper amount of any attorneys' fees and expenses to award Class Counsel.

Any attorneys' fees and expenses awarded by the Court will be paid to Class Counsel from the $3,470,000 settlement fund.  Class Members will not have to pay anything toward the fees or expenses of Class Counsel.

## INDEPENDENT FIDUCIARY

| 11.    Will the Settlement be reviewed by anyone other than the Court? |
|---|

Yes.  The Company, in consultation with Plaintiff's counsel, has selected and retained an experienced Independent Fiduciary to review the Settlement on behalf of the Plan and determine whether to authorize the Plan to release the claims against Defendants and whether it is necessary to file an objection to the Settlement.  As an impartial third party, the Independent Fiduciary will review the Action and the Settlement, including the claims alleged against Defendants, the terms of the Settlement, the Plan of Allocation of Settlement proceeds, and the request for attorneys' fees and expenses.  The Independent Fiduciary will submit its findings to the Parties in a written report, which will be filed with the Court at least 30 calendar days before the Fairness Hearing.

## YOUR RIGHTS AND OPTIONS

| 12.    What is the effect of final approval of the Settlement? |
|---|

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action.  Payments under the Settlement will then be processed and distributed.  The release by Class Members will also take effect.  All members of the Class will release and forever discharge Invesco and each of the Released Parties from any and all Released Claims (as defined in the Settlement Agreement).   Please refer to Article I of the Settlement Agreement for a full

- 9 -

description of the claims and persons that will be released upon final approval of the Settlement.

No Class Member will be permitted to continue to assert Released Claims in any other litigation against Invesco or the other persons and entities covered by the release.  If you object to the terms of the Settlement Agreement, you may notify the Court of your objection.  (*See* Table on page ___ of this Notice.)  If the Settlement is not approved, the case will proceed as if no settlement had been attempted or reached.

If the Settlement is not approved and the case resumes, there is no assurance that a class would be certified for litigation purposes or that members of any certified class will recover more than is provided for under the Settlement, or anything at all.

| 13. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will release any claims you may have against Invesco or the Released Parties concerning the conduct Plaintiff alleges in his complaint.  (*See* Question No. 14.)  You may also receive a payment as described in Question No. 8.

| 14. | How do I get out of the Settlement? |
|-----|-------------------------------------|

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms.  You cannot exclude yourself from the Settlement, but you may notify the Court of your objection to the Settlement.  (*See* Question No. 15.)  If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1), which does not permit Class Members to opt out of the Class.

| 15. | Can I sue Invesco for the same thing later? |
|-----|---------------------------------------------|

No.   If the Court approves the Settlement, you will have given up any right to sue Invesco for the claims being resolved by this Settlement.

| 16. | How do I object to the Settlement? |
|-----|------------------------------------|

You can object to the Settlement if you don't like any part of it.  If you object, you must give the reasons why you think the Court should not approve the Settlement.  The Court will consider your views.  Your objection to the Settlement must be postmarked

- 10 -

no later than _____, 2020 and must be sent to the Court and the attorneys for the Parties at the addresses below:

| Court | Class Counsel | Defendants' Counsel |
|---|---|---|
| Clerk of the Court, James H. Hatten<br>Richard B. Russell Federal Building<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 | Evan J. Kaufman<br>ROBBINS GELLER RUDMAN & DOWD LLP<br>58 South Service Road<br>Suite 200<br>Melville, NY 11747 | James R. Carroll<br>Eben P. Colby<br>Michael S. Hines<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>500 Boylston Street<br>Boston, MA 02116 |

The objection must be in writing and include the case name *Diego Cervantes v. Invesco Holding Company (US), Inc., et al.*, Civil Action No. 1:18-cv-02551-AT; as well as include your (a) name; (b) address; (c) a statement that you are a member of the Class; (d) the specific grounds for the objection (including all arguments, citations, and evidence supporting the objection); (e) all documents or writings that you desire the Court to consider (including all copies of any documents relied upon in the objection); (f) your signature; and (g) a notice of intention to appear at the Fairness Hearing (if applicable. (If you are represented by counsel, you or your counsel must file your objection through the Court's CM/ECF system.) The objection must state whether it applies only to the objector, to a specific subset of the Class or to the entire Class. The Court will consider all properly filed comments from Class Members. If you wish to appear and be heard at the Fairness Hearing in addition to submitting a written objection to the Settlement, you or your attorney must say so in your written objection.

Class Counsel will file with the Court and post on the Settlement Website its request for attorneys' fees and expenses two weeks prior to [objection deadline].

## THE COURT'S FAIRNESS HEARING

**17.    When and where will the Court hold a hearing on the fairness of the Settlement?**

A Fairness Hearing has been set for [date] at [time], before The Honorable Amy Totenberg at the Richard B. Russell Federal Building and United States Courthouse,

75 Ted Turner Drive, SW, Atlanta, GA 30303-3309 in [courtroom].  At the hearing, the Court will hear any comments, objections, and arguments concerning the fairness of the proposed Settlement, including the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to Plaintiff as the Class Representative.  You do not need to attend this hearing.  You also do not need to attend to have an objection considered by the Court.  (*See* Question No. 19.)

**<u>Note</u>**: The date and time of the Fairness Hearing are subject to change by Court Order, but any changes will be posted at www.InvescoERISASettlement.com.

| **18.** | **Do I have to come to the Fairness Hearing?** |
|---|---|

No.  Class Counsel will answer any questions the Court may have. But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as any written objection you choose to make was filed and mailed on time and meets the other criteria described in the Settlement Agreement, the Court will consider it.  You may also pay another lawyer to attend, but you don't have to.

| **19.** | **May I speak at the hearing?** |
|---|---|

You may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement by following the instructions in Question No. 15 above.

## GETTING MORE INFORMATION

| **20.** | **Where can I get additional information?** |
|---|---|

This notice provides only a summary of the matters relating to the Settlement.  For more detailed information, you may wish to review the Settlement Agreement.  You can view the Settlement Agreement and get more information at www.InvescoERISASettlement.com.  You can also get more information by writing to the Settlement Administrator at [address] or calling toll-free [_____].  The Settlement Agreement and all other pleadings and papers filed in the case are available for inspection and copying during regular business hours at the office of the Clerk of the U.S. District Court, James N. Hatten, located at the Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309.  For a fee, all papers filed in the Action are available at www.pacer.gov.

If you would like additional information, you can also call Class Counsel at [800 number].

**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, OR INVESCO WITH QUESTIONS ABOUT THE SETTLEMENT.**

- 13 -

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| DIEGO CERVANTES, Individually and on Behalf of the Invesco 401(k) Plan and All Others Similarly Situated, | ) ) ) | Civil Action No. 1:18-cv-02551-AT |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | FORMER PARTICIPANT |
| vs. | ) ) | ROLLOVER FORM |
| INVESCO HOLDING COMPANY (US), INC., et al., | ) ) ) | EXHIBIT A-2 |
| Defendants. | ) ) | |
| _____ | ) | |

**Invesco 401(k) Plan Settlement Administrator**

**P.O. Box [number]**

**[City, State, ZIP]**

**[www.settlementwebsite.com]**

## <u>FORMER PARTICIPANT ROLLOVER FORM</u>

JOHN Q CLASSMEMBER                                        Claim Number: 1111111

123 MAIN ST APT 1

ANYTOWN, ST 12345

This Former Participant Rollover Form is **ONLY** for Class Members who are **Former Participants**, or the beneficiaries or alternate payees of Former Participants (all of whom will be treated as Former Participants). A Former Participant is a Class Member who does not have a Plan account with a balance greater than $0.00 as of the date of [the Preliminary Approval Order].

Former Participants that would like to elect to receive their settlement payment through a rollover to a qualified retirement account must complete, sign, and mail this form with a postmark on or before **10 days before Fairness Hearing, 2020**.  Please review the instructions below carefully. **Former Participants who do not complete and timely return this form will receive their settlement payment by a check payable to you.**  If you have questions regarding this form, you may contact the Settlement Administrator as indicated below:

<u>WWW.SETTLEMENTWEBSITE.COM</u> OR CALL [PHONE NUMBER]

*********************************************************************************************************

| PART 1: INSTRUCTIONS FOR COMPLETING FORMER PARTICIPANT ROLLOVER FORM |
|---|

1.   If you would like to receive your settlement payment through a rollover to a qualified retirement account, complete this rollover form.  You should also keep a copy of all pages of your Former Participant Rollover Form, including the first page with the address label, for your records.

**2.   Mail your completed Former Participant Rollover Form postmarked on or before 10 days before the Fairness Hearing to the Settlement Administrator at the following address:**

**Invesco 401(k) Savings Plan Settlement Administrator**
**P.O. Box [number]**
**[City, State, ZIP]**

It is <u>your</u> responsibility to ensure the Settlement Administrator has timely received your Former Participant Rollover Form.

3.   Other Reminders:

•    You must provide date of birth, social security number, signature, and a completed Substitute IRS Form W-9, which is attached as part 5 to this form.

•    If you desire to do a rollover and you fail to complete all of the rollover information in Part 4, below, payment will be made to you by check.

- If you change your address after sending in your Former Participant Rollover Form, please provide your new address to the Settlement Administrator.

- **Timing of Payments to Eligible Class Members.** The timing of the distribution of the settlement payments are conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the final approval order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within six months of the Court's Final Approval Order.

4.  **Questions?** If you have any questions about this Former Participant Rollover Form, please call the Settlement Administrator at [phone number]. The Settlement Administrator will provide advice only regarding completing this form and will not provide financial, tax or other advice concerning the Settlement. You therefore may want to consult with your financial or tax advisor. Information about the status of the approval of the Settlement and the Settlement administration is available on the settlement website, [www.settlementwebsite.com].

You are eligible to receive a payment from a class action settlement. The court has preliminarily approved the Class Settlement of *Diego Cervantes v. Invesco Holding Company (US), Inc., et al.*, Civil Action No. 1:18-cv-02551-AT (N.D. Ga.). That settlement provides allocation of monies to the individual accounts of certain persons who participated in the Invesco 401(k) Plan ("Plan") at any time between May 25, 2012 and [Date of Prelim Order Executed] ("Class Members"). Class Members who had a Plan account with a balance greater than $0.00 during the Class Period but who do not have a Plan account with a balance greater than $0.00 as of the date of Date of Preliminary Approval ("Former Participants") will receive their allocations in the form of a check or in the form of a rollover if and only if they mail a valid Former Participant Rollover Form postmarked on or before **10 days before Fairness Hearing, 2020** to the Settlement Administrator with the required information to effectuate the rollover. For more information about the Settlement, please see the Notice of Pendency and Settlement of Class Action, visit [www.settlementwebsite.com], or call [phone number].

Because you are a Former Participant in the Plan, you must decide whether you want your payment (1) sent payable to you directly by check or (2) to be rolled over into another eligible retirement plan or into an individual retirement account ("IRA"). To elect a rollover, please complete and mail this Former Participant Rollover Form postmarked on or before **10 days before Fairness Hearing, 2020** to the Settlement Administrator. If you do not return this form, your payment will be sent to you directly by check.

## PART 2: PARTICIPANT INFORMATION



**[FORMER PARTICIPANT ROLLOVER FORM CONTINUES ON THE NEXT PAGE]**

## PART 3: BENEFICIARY OR ALTERNATE PAYEE INFORMATION (*IF APPLICABLE*)

☐ Check here if you are the **surviving spouse or other beneficiary** for the Former Participant and the Former Participant is deceased. **Documentation must be provided showing current authority of the representative to file on behalf of the deceased**. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

☐ Check here if you are an alternate payee under a qualified domestic relations order (QDRO). The Settlement Administrator may contact you with further instructions. Please complete the information below and then continue on to Parts 4 and 5 on the next page.

First Name                                     Middle    Last Name

Mailing Address

City                                                                                   State    Zip Code

Home Phone                                     Work Phone or Cell Phone

Participant's Social Security Number            Participant's Date of Birth

Email Address                                  M M      D D     Y Y Y Y

## PART 4: PAYMENT ELECTION

**Direct Rollover to an Eligible Plan** – Check only one box below and complete the Rollover Information Section below:

☐ Government 457(b)          ☐ 401(a)/401(k)          ☐ 403(b)

☐ Direct Rollover to a Traditional IRA          ☐ Direct Rollover to a Roth IRA (subject to ordinary income tax)

**Rollover Information:**

Company or Trustee's Name (to whom the check should be made payable)

Company or Trustee's Mailing Address 1

Company or Trustee's Mailing Address 2

Company or Trustee's City                                                    State     Zip Code

Your Account Number                              Company or Trustee's Phone Number

## PART 5: SIGNATURE, CONSENT, AND SUBSTITUTE IRS FORM W-9

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I CERTIFY THAT ALL OF THE INFORMATION PROVIDED ON THIS FORMER PARTICIPANT ROLLOVER FORM IS TRUE, CORRECT, AND COMPLETE AND THAT I SIGNED THIS FORMER PARTICIPANT ROLLOVER FORM.

1.  The Social Security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and

2.  I am not subject to back up withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and

3.  I am a U.S. person (including a U.S. resident alien).

M M          D D     Y Y Y Y

_____
Participant Signature                              Date Signed *(Required)*

Note: If you are subject to backup withholding, you must cross out item 2 above.  The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.

4