UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| DIEGO CERVANTES, Individually and on Behalf of the Invesco 401(k) Plan and All Others Similarly Situated, | ) ) ) ) | Civil Action No. 1:18-cv-02551-AT |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | MEMORANDUM OF LAW IN |
| vs. | ) ) ) | SUPPORT OF CLASS COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, EXPENSES, |
| INVESCO HOLDING COMPANY (US), INC., et al., | ) ) ) | AND INCENTIVE AWARD |
| Defendants. | ) ) | |

4827-9871-3280.v1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .........................................................................1

II.   ARGUMENT.................................................................................4

    A.    The Percentage of the Fund Recovered Is the Appropriate
         Method for Awarding Attorneys' Fees .................................................4

    B.    The Requested Fee Is Fair and Reasonable in Light of the
         Applicable Factors........................................................................6

         1.    The Time and Labor Expended Support the Requested
              Fee ...........................................................................................7

         2.    The Novelty and Complexity of the Issues Support the
              Requested Fee ...........................................................................9

         3.    The Skill Required to Accomplish the Settlement
              Supports the Requested Fee ......................................................12

         4.    The Contingent Nature of Class Counsel's
              Representation Supports the Requested Fee.............................13

         5.    The Amount Involved and Result Obtained Support the
              Requested Fee .........................................................................16

         6.    Fee Awards in Similar Cases Support the Requested Fee........17

         7.    The Reaction of the Class Supports the Requested Fee ...........18

    C.    Class Counsel's Litigation Expenses Are Reasonable and Were
         Necessarily Incurred....................................................................19

    D.    Plaintiff's Requested Incentive Award Is Reasonable........................20

III.  CONCLUSION............................................................................22

4827-9871-3280.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abbott v. Lockheed Martin Corp.*,
   No. 06-CV-701-MJR-DGW, 2015 WL 4398475
   (S.D. Ill. July 17, 2015) ........................................................................5

*Allapattah Servs., Inc. v. Exxon Corp.*,
   454 F. Supp. 2d 1185 (S.D. Fla. 2006)..................................12, 17, 21

*Beesley v. Int'l Paper Co.*,
   No. 3:06-CV-703-DRH-CJP, 2014 WL 375432
   (S.D. Ill. Jan. 31, 2014)........................................................................5

*Blum v. Stenson*,
   465 U.S. 886 (1984)..............................................................................4

*Brotherston v. Putnam Invs., LLC*,
   No. 15-13825-WGY, 2016 WL 1397427
   (D. Mass. Apr. 7, 2016) ........................................................................9

*Buccellato v. AT&T Operations, Inc.*,
   No. C10-00463-LHK, 2011 WL 4526673
   (N.D. Cal. June 30, 2011) ...................................................................22

*Camden I Condo. Ass'n, Inc. v. Dunkle*,
   946 F.2d 768 (11th Cir. 1991) ...............................................4, 5, 6, 7

*Carpenters Health & Welfare Fund v. Coca-Cola Co.*,
   587 F. Supp. 2d 1266 (N.D. Ga. 2008)...............................................19

*David v. Am. Suzuki Motor Corp.*,
   No. 08-CV-22278, 2010 WL 1628362
   (S.D. Fla. Apr. 15, 2010) ....................................................................12

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974), *abrogated on other grounds by*
   *Goldberger v. Integrated Res., Inc.*,
   209 F.3d 43 (2d Cir. 2000) .................................................................15

- ii -

**Page**

*Elkins v. Equitable Life Ins. Co. of Iowa*,
  No. CivA 96-296-CIV-T-17B, 1998 WL 133741
  (M.D. Fla. Jan. 27, 1998)....................................................................19

*Faught v. Am. Home Shield Corp.*,
  668 F.3d 1233 (11th Cir. 2011) ...........................................................4

*Garst v. Franklin Life Ins. Co.*,
  No. 97-C-0074-S, 1999 U.S. Dist. LEXIS 22666
  (N.D. Ala. June 28, 1999).....................................................................18

*In re Cendant Corp., Derivative Action Litig.*,
  232 F. Supp. 2d 327 (D.N.J. 2002)......................................................17

*In re Checking Account Overdraft Litig.*,
  830 F. Supp. 2d 1330 (S.D. Fla. 2011).................................................14

*In re Clarus Corp. Sec. Litig.*,
  No. 1:00-cv-2841-CAP, 2005 WL 8172269
  (N.D. Ga. Jan. 6, 2005).........................................................................6

*In re Combustion, Inc.*,
  968 F. Supp. 1116 (W.D. La. 1997) .....................................................14

*In re Domestic Air Transp. Antitrust Litig.*,
  148 F.R.D. 297 (N.D. Ga. 1993) ......................................................4, 16

*In re Friedman's, Inc. Sec. Litig.*,
  No. 1:03-cv-3475-WSD, 2009 WL 1456698
  (N.D. Ga. May 22, 2009).........................................................9, 14, 16, 18

*In re Glob. Crossing Sec. & ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004)..........................................................19

*In re Marsh ERISA Litig.*,
  265 F.R.D. 128 (S.D.N.Y. 2010)..........................................................15

**Page**

*In re Merrill Lynch Tyco Research Sec. Litig.*,
 249 F.R.D. 124 (S.D.N.Y. 2008) ....................................................................17

*In re Netbank, Inc. Sec. Litig.*,
 No. l:07-cv-02298-TCB, slip op.
 (N.D. Ga. Nov. 9, 2011) ...............................................................................6

*In re Profit Recovery Group Int'l, Inc. Sec. Litig.*,
 No. 1:00-cv-1416-CC, 2003 WL 8172262
 (N.D. Ga. May 26, 2005) ...............................................................................6

*In re Sunbeam Sec. Litig.*,
 176 F. Supp. 2d 1323 (S.D. Fla. 2001) ..........................................................13

*In re Theragenics Corp. Sec. Litig.*,
 No. 1:99-cv-0141-TWT, slip op.
 (N.D. Ga. Sept. 29, 2004) ...............................................................................6

*In re TJX Cos. Retail SEC Breach Litig.*,
 584 F. Supp. 2d 395 (D. Mass. 2008) ............................................................16

*In re Veritas Software Corp. Sec. Litig.*,
 396 F. App'x 815 (3d Cir. 2010) ....................................................................21

*In re Xcel Energy, Inc. Sec., Derivative & "ERISA" Litig.*,
 364 F. Supp. 2d 980 (D. Minn. 2005) ............................................................12

*Ingram v. The Coca-Cola Co.*,
 200 F.R.D. 685 (N.D. Ga. 2001) .................................................................9, 21

*Kelly v. The Johns Hopkins Univ.*,
 No. 1:16-cv-2835-GLR, 2020 WL 434473
 (D. Md. Jan. 28, 2020) ...............................................................................5

*Krueger v. Ameriprise Fin., Inc.*,
 No. 11-CV-02781, 2015 WL 4246879
 (D. Minn. July 13, 2015) ...............................................................................5

**Page**

*Kruger v. Novant Health, Inc.*,
   No. 1:14cv208, 2016 WL 6769066
   (M.D.N.C. Sept. 24, 2016)........................................................................5

*Low v. Trump Univ., LLC*,
   246 F. Supp. 3d 1295 (S.D. Cal. 2017),
   *aff'd*, 881 F.3d 1111 (9th Cir. 2018)......................................................21

*Mashburn v. Nat'l Healthcare, Inc.*,
   684 F. Supp. 679 (M.D. Ala. 1988).........................................................9

*Medoff v. CVS Caremark Corp.*,
   No. 09-CV-554-JNL, 2016 WL 632238
   (D.R.I. Feb. 17, 2016)............................................................................17

*Mehling v. New York Life Ins. Co.*,
   248 F.R.D. 455 (E.D. Pa. 2008)..............................................................17

*Pinto v. Princess Cruise Lines, Ltd.*,
   513 F. Supp. 2d 1334 (S.D. Fla. 2007)...............................................9, 16

*Ressler v. Jacobson*,
   149 F.R.D. 651 (M.D. Fla. 1992) ...............................................12, 13, 14

*Robbins v. Koger Props., Inc.*,
   116 F.3d 1441 (11th Cir. 1997) ..............................................................14

*Short v. Brown Univ.*,
   No. 17-cv-00318, slip op.
   (D.R.I. Aug. 2, 2019) ..............................................................................5

*Spano v. Boeing Co.*,
   No. 06-CV-743-NJR- DGW, 2016 WL 3791123
   (S.D. Ill. Mar. 31, 2016) ..........................................................................5

*Stevens v. SEI Invs. Co.*,
   No. 18-4205, 2020 WL 996418
   (E.D. Pa. Feb. 28, 2020) ..........................................................................5

- v -

**Page**

*Strube v. Am. Equity Inv. Life Ins. Co.*,
 226 F.R.D. 688 (M.D. Fla. 2005) ......................................................................17

*Strube v. Am. Equity Inv. Life Ins. Co.*,
 No. 6:01-cv-1236-orl-19DAB, 2006 WL 1232816
 (M.D. Fla. May 5, 2006) ...................................................................................8

*Waters v. Int'l Precious Metals Corp.*,
 190 F.3d 1291 (11th Cir. 1999) ........................................................................19

*Winkler v. NRD Mining, Ltd.*,
 198 F.R.D. 355 (E.D.N.Y. 2000) .....................................................................14

*Yates v. Mobile Cnty. Pers. Bd.*,
 719 F.2d 1530 (11th Cir. 1983) ........................................................................12

**STATUTES, RULES AND REGULATIONS**

29 U.S.C.
 §1000......................................................................................................*passim*

Class Counsel respectfully submits this memorandum in support of its motion for an award of attorneys' fees, expenses and Incentive Award for Plaintiff Diego Cervantes.

## I.   INTRODUCTION

Class Counsel has secured an all-cash $3,470,000 Settlement for the benefit of the Class.[1]  The Settlement is a highly favorable result as it represents a significant percentage of recoverable damages, and was achieved through the skill, tenacity, and effective advocacy of Class Counsel.  As compensation for its efforts in achieving this result, Class Counsel seeks an award of attorneys' fees of 33% of the Settlement Amount, plus expenses incurred in the prosecution of the Litigation in the amount of $85,610.50, plus interest on both amounts at the same rate and for the same period as that earned by the Settlement Fund.

The requested fee is well within the range of percentages normally awarded in class actions in this Circuit, and in other Employee Retirement Income Security Act of 1974 ("ERISA") class actions throughout the country, and is the appropriate method of compensating counsel.  Moreover, the 33% requested fee, approved by Plaintiff Cervantes, is warranted in the light of the contingent nature of counsel's representation,

---

[1]  All capitalized terms used herein have the meanings assigned to them in the Amended Settlement Agreement, dated April 1, 2020 (ECF No. 93-1).  Emphasis is added and citations are omitted unless otherwise noted.

the procedural status of the Litigation, the efforts of counsel in obtaining this highly favorable result, and the risks faced and overcome in the prosecution of the Litigation. The Litigation was initiated and prosecuted under the provisions of ERISA and, therefore, was extremely risky and difficult from the outset.[2] And Class Counsel faced counsel for Defendants with strong expertise who obtained dismissal of Plaintiff's Amended Complaint, with leave to replead, in response to their motion to dismiss.

Class Counsel undertook representation of the Class on a contingent fee basis and no payment has been made to date for its services or for the litigation expenses it has incurred on behalf of the Class. Class Counsel firmly believes that the Settlement, approved by Plaintiff Cervantes, is the result of the diligent efforts of counsel as well as its reputation as a firm which is unwavering in its dedication to the interests of the Class and unafraid to zealously prosecute a meritorious case through trial and subsequent appeals. In a case asserting claims based on complex legal and factual issues, which were opposed by highly skilled and experienced defense counsel, Class Counsel succeeded in securing a highly favorable result for the Class. The approval of the relief requested herein is also supported by the fact that following an extensive

---

[2]   The efforts of counsel in achieving this Settlement are set forth in greater detail in the accompanying Declaration of Evan J. Kaufman in Support of: (A) Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation; and (B) Class Counsel's Motion for an Award of Attorneys' Fees, Expenses, and Incentive Award ("Kaufman Decl.").

4827-9871-3280.v1

Court-approved notice program, to date, not a single Class Member has objected to any of these amounts.

Moreover, the Independent Fiduciary reviewed Class Counsel's fee and expense request and concluded:

> In our experience, the percentage requested and the lodestar multiplier are within the range of attorney fee awards for similar ERISA cases. In light of the work performed, the result achieved, the litigation risk assumed by Plaintiff's counsel, and the combination of the percentage and the lodestar multiplier, Fiduciary Counselors finds the requested attorneys' fees to be reasonable.

> In addition to the attorneys' fee award, Plaintiff's counsel stated that they will seek reimbursement for expenses in the amount of $85,610.50 representing consultants, attorney service fee, legal research and messenger expenses. Fiduciary Counselors finds the request for expenses to be reasonable.

Report of the Independent Fiduciary for the Settlement in *Cervantes v. Invesco Holding Company (US), Inc. et al.* (Civil Action No. 1:18-02551-AT (N.D. Ga.)) (ECF No. 97-1 at 6).

Accordingly, for all the reasons set forth herein and in the Kaufman Declaration, Class Counsel respectfully submits that the requested attorneys' fees and expenses are fair and reasonable and consistent with applicable legal standards and precedents. Moreover, Plaintiff Cervantes respectfully requests an Incentive Award of $5,000 for his time and expenses incurred in representing the Class. *See* accompanying Declaration of Diego Cervantes ("Cervantes Decl."), ¶9.

- 3 -

## II.   ARGUMENT

### A.   The Percentage of the Fund Recovered Is the Appropriate Method for Awarding Attorneys' Fees

"The purpose of awarding fees is to compensate successful attorneys for benefits they have achieved for the class as a result of the attorneys' efforts, for the risks the attorneys have taken in prosecuting a long and complex case, and for the hours and expenses the attorney has invested in the case." *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 353 (N.D. Ga. 1993).  Courts have long held that fee awards calculated according to the well-established "percentage of the fund" doctrine where "a reasonable fee is based on a percentage of the fund bestowed on the class" appropriately compensate counsel for their efforts.  *Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984).  In *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), the Eleventh Circuit explained that "the percentage of the fund approach is the better reasoned in a common fund case.  Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class."  *Id.* at 774; *see also Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242 (11th Cir. 2011) ("'[A]ttorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.'").

While the Eleventh Circuit has made clear that "[t]here is no hard and fast rule mandating a certain percentage of a common fund" that constitutes a reasonable percentage, it has set "an upper limit of 50% of the fund" for a fee award "although even larger percentages have been awarded." *Camden*, 946 F.2d at 774-75.

Recognizing the complexity and risk involved in ERISA breach of fiduciary duty class actions, the 33% requested award here is commensurate with awards in other ERISA cases.  In those cases, the courts have determined "that '[a] one-third fee is consistent with the market rate' in a complex ERISA 401(k) fee case such as this." *Kruger v. Novant Health, Inc.*, No. 1:14cv208, 2016 WL 6769066, at *2 (M.D.N.C. Sept. 24, 2016); *see Stevens v. SEI Invs. Co.*, No. 18-4205, 2020 WL 996418 (E.D. Pa. Feb. 28, 2020) (awarding one-third of $6.8 million recovery); *Kelly v. The Johns Hopkins Univ.*, No. 1:16-cv-2835-GLR, 2020 WL 434473 (D. Md. Jan. 28, 2020) (awarding one-third of $4,666,667 recovery, noting that "[in] similar ERISA excessive fee cases, and in particular those brought by Class Counsel, district courts have consistently recognized that a one-third fee is the market rate").[3]

---

[3]   *See also Spano v. Boeing Co.*, No. 06-CV-743-NJR- DGW, 2016 WL 3791123, at *2 (S.D. Ill. Mar. 31, 2016); *Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-02781 (SRN/JSM), 2015 WL 4246879, at *2 (D. Minn. July 13, 2015); *Abbott v. Lockheed Martin Corp.*, No. 06-CV-701-MJR-DGW, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015); *Beesley v. Int'l Paper Co.*, No. 3:06-CV-703-DRH-CJP, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014); *Short v. Brown Univ.*, No. 17-cv-00318, slip op. at 5 (D.R.I. Aug. 2, 2019).

In addition, a review of attorneys' fees awarded in this District makes clear that a fee award of 33% of the common fund is consistent with fee awards for other types of class actions with comparable recoveries. *See, e.g.*, *In re Netbank, Inc. Sec. Litig.*, No. l:07-cv-02298-TCB, slip op. at 5 (N.D. Ga. Nov. 9, 2011) (awarding 34% of $12.5 million settlement); *In re Profit Recovery Group Int'l, Inc. Sec. Litig.*, No. 1:00-cv-1416-CC, 2003 WL 8172262, at *3 (N.D. Ga. May 26, 2005) (awarding 33-1/3% of $6.75 million settlement); *In re Clarus Corp. Sec. Litig.*, No. 1:00-cv-2841-CAP, 2005 WL 8172269, at *3 (N.D. Ga. Jan. 6, 2005) (awarding 33-1/3% of $4.5 million settlement); *In re Theragenics Corp. Sec. Litig.*, No. 1:99-cv-0141-TWT, slip op. at 12 (N.D. Ga. Sept. 29, 2004) (awarding 33-1/3% of $10 million settlement).

Accordingly, Class Counsel respectfully submits that the requested fee is consistent with the fair and reasonable fees awarded in similar actions and should be approved.

**B.      The Requested Fee Is Fair and Reasonable in Light of the Applicable Factors**

The *Camden* court instructed district courts to consider the following 12 factors enumerated by *Johnson* and its progeny to determine whether the percentage of the fund requested by counsel is reasonable: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the

- 6 -

legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Camden*, 946 F.2d at 772 n.3. *Camden* also recognized additional factors that may be considered, including: "the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel . . . and the economics involved in prosecuting [the] action." *Id.* at 775. Application of the most relevant factors confirms that an award of 33% of the Settlement Amount is reasonable.

### 1. The Time and Labor Expended Support the Requested Fee

The time and diligent effort expended by Class Counsel to achieve the Settlement supports the requested fee. Class Counsel has been investigating, litigating and negotiating with the Defendants in this case since July 2018. As set forth in more detail in the Kaufman Declaration, Class Counsel has committed extensive resources to investigating Plaintiff's claims both before and after commencement of the

Litigation, performing complex analyses related to the Plan, researching and drafting complex and detailed pleadings and memoranda of law, developing the challenging aspects of Plaintiff's claims and drafting a second amended complaint that would overcome Defendants' anticipated motion to dismiss.  Specifically, Class Counsel: (i) reviewed and analyzed the Plan and Plan documents, as well as the investment performance of each Plan option relative to investment benchmarks; (ii) researched the applicable law with respect to the claims asserted in the Litigation and the potential defenses thereto; (iii) researched, analyzed, and ultimately drafted the allegations contained in Plaintiff's initial Class Action Complaint, Amended Complaint for Liability Under ERISA, and a forthcoming second amended complaint; (iv) completed the research and briefing necessary to oppose Defendants' motion to dismiss the Amended Complaint; and (v) vigorously negotiated the Settlement with Defendants.  Kaufman Decl., ¶¶20-42.

Furthermore, "while the Eleventh Circuit has held that the 'lodestar method' is not a proper calculation of fee awards in common fund cases, courts are permitted to use such figures as a comparison for determining the reasonableness of a proposed fee award." *Strube v. Am. Equity Inv. Life Ins. Co.*, No. 6:01-cv-1236-orl-19DAB, 2006 WL 1232816, at *2 (M.D. Fla. May 5, 2006).  Here, an analysis of the requested fee under the "lodestar" method further supports the reasonableness of the 33% award.

- 8 -

Based on the $3,470,000 Settlement Amount, the fee results in a multiplier of 0.97, which is determined by dividing the $1,145,100 requested fee by the $1,180,401.45 lodestar of Plaintiff's counsel.[4] This multiplier is a negative multiplier (*i.e.*, less than 1) and is well below the range courts have found reasonable in class actions in the Eleventh Circuit.[5]

Accordingly, "the efforts and time expended by Plaintiffs' . . . Counsel establishes that the requested fee is justified." *In re Friedman's, Inc. Sec. Litig.*, No. 1:03-cv-3475-WSD, 2009 WL 1456698, at *3 (N.D. Ga. May 22, 2009) (awarding 30% of $14.9 million settlement).

### 2. The Novelty and Complexity of the Issues Support the Requested Fee

ERISA actions by their very nature are factually complex. *Brotherston v.*

---

[4]   *See* Declaration of Evan J. Kaufman Filed on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Application for Award of Attorneys' Fees and Expenses ("Robbins Geller Decl."), ¶4; Declaration of Michael I. Fistel, Jr. Filed on Behalf of Johnson Fistel, LLP in Support of Application for Award of Attorneys' Fees and Expenses ("Johnson Fistel Decl."), ¶4; Declaration of John C. Herman Filed on Behalf of Herman Jones LLP in Support of Application for Award of Attorneys' Fees and Expenses ("Herman Jones Decl."), ¶4, submitted herewith.

[5]   *See, e.g.*, *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1344 (S.D. Fla. 2007) (noting that lodestar multipliers "'in large and complicated class actions' range from 2.26 to 4.5, while 'three appears to be the average'"); *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694-96 (N.D. Ga. 2001) (awarding fee representing a multiplier between 2.5 and 4); *Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 679, 702 (M.D. Ala. 1988) (approving multiplier of 3.1).

4827-9871-3280.v1

*Putnam Invs., LLC*, No. 15-13825-WGY, 2016 WL 1397427, at *1 (D. Mass. Apr. 7, 2016).  This Litigation has been no exception.

Throughout this Litigation, Class Counsel faced a formidable task, litigating complicated issues of law and fact.  For example, Plaintiff alleged that Defendants breached their fiduciary duties of prudence and loyalty with respect to the Plan, and entered into prohibited transactions in violation of ERISA, to the detriment of the Plan and its participants and beneficiaries.  Specifically, Plaintiff alleged that Defendants breached their fiduciary duties by: (i) loading the Plan with proprietary investment options; and (ii) restricting the investment options available to participants through a self-directed investment account, offered with the brokerage firm Charles Schwab & Co., Inc. (the "Schwab Account"), so that participants were not permitted to purchase any exchange traded funds ("ETFs") other than those affiliated with Invesco.  Plaintiff alleged that Invesco structured the Plan and the self-directed option through the Schwab Account to benefit Invesco to the detriment of the interests of Plan participants.

The Litigation required Class Counsel to closely examine the following:

(a)     The Plan disclosure documents sent to Plan participants detailing fees and expenses and the investment performance of each Plan option relative to investment benchmarks;

(b)     Department of Labor filings from the Plan;

- 10 -

(c)    Securities and Exchange Commission filings entered by the Plan's investment options and Invesco Management and its affiliates;

(d)    the investment structure and fees paid by the Plan in comparison with other types of investments and fees generally; and

(e)    investment performance analytics compiled by various sources, including Morningstar and Bloomberg, detailing the investment performance of the Plan's investment options relative to multiple comparator funds and applicable investment benchmarks for several years leading up to and during the Class Period. Kaufman Decl., ¶20.

Defendants moved to dismiss, arguing, among other things, that the Amended Complaint did not sufficiently allege: (i) under performance of the Invesco-affiliated investment options, or (ii) excessive fees. *See* Kaufman Decl., ¶¶21-22.  While Plaintiff contends that the Amended Complaint sufficiently alleged that Defendants acted disloyally and imprudently, the Court granted Defendants' motion to dismiss with leave to amend.  While Class Counsel was navigating the factually and legally complex issues in preparing the second amended complaint, Plaintiff faced the very real risk that the Litigation would be dismissed with prejudice, absent the Settlement.

The novelty and complexity of the issues in the Litigation further support the requested fee.

### 3. The Skill Required to Accomplish the Settlement Supports the Requested Fee

Another *Johnson* factor courts consider is "the skill and acumen required to successfully investigate, file, litigate, and settle a complicated class action lawsuit such as this one." *David v. Am. Suzuki Motor Corp.*, No. 08-CV-22278, 2010 WL 1628362, at *8 n.15 (S.D. Fla. Apr. 15, 2010). "This factor ties directly to the second *Johnson* factor" and requires the Court to "'observe the attorney's work product, his preparation, and general ability before the court.'" *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1208 (S.D. Fla. 2006).

As an initial matter, Class Counsel showed skill by "litigat[ing] the action and obtain[ing] this excellent settlement without the benefit of any active assistance from any governmental agency." *Ressler v. Jacobson*, 149 F.R.D. 651, 654 (M.D. Fla. 1992); *In re Xcel Energy, Inc. Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005) (noting fact that counsel "obtained a just result without the assistance of a governmental investigation of securities fraud . . . further justifies" requested fee award).

The Eleventh Circuit has explained that the complexity of the case at hand may indicate the quality of the counsel's legal representation. *See Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983) ("Because of the extreme complexity

- 12 -

of the . . . proceeding[s], as well as the significant factual difficulty in this case, considerable skill was required of lawyers for the plaintiff."). As discussed more fully above, this Litigation involved complicated legal and factual issues requiring the attention of highly skilled and specialized attorneys. *See supra* Part II.B.2. Class Counsel vigorously prosecuted this Litigation, including extensive research and fact investigation.

Additionally, the "quality of the opposition the plaintiffs' attorneys faced" during the action is an important consideration in evaluating Class Counsel's skill. *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001); *Ressler*, 149 F.R.D. at 654 ("[I]n assessing quality, the Court has considered the quality of the ***opposition*** as well as the standing of plaintiff's counsel."). Defense counsel in this Litigation, Skadden, Arps, Slate, Meagher & Flom LLP, is nationally recognized for its experience in defending ERISA and other class action litigation and has been a formidable opponent for Class Counsel. The ability of Class Counsel to obtain such a favorable result despite defense counsel's impressive qualifications confirms the quality of Class Counsel's representation.

### 4. The Contingent Nature of Class Counsel's Representation Supports the Requested Fee

"The contingent nature of fees in this case should be given substantial weight in

- 13 -

assessing the requested fee award." *Friedman's*, 2009 WL 1456698, at *3; *see In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1364 (S.D. Fla. 2011) ("[T]he contingent fee risk is an important factor in determining the fee award.").  The *Friedman's* court explained that the "'underlying premise'" of giving such weight to this factor "'is the existence of risk – the contingent risk of nonpayment.'"  2009 WL 1456698, at *3 (quoting *In re Combustion, Inc.*, 968 F. Supp. 1116, 1132 (W.D. La. 1997) (noting that risk of nonrecovery justified "higher payment due under a contingency fee")); *see also Ressler*, 149 F.R.D. at 654-55 ("[T]he fee was entirely contingent, which meant that, had Petitioners recovered nothing for the Class, they would not have been entitled to any fee at all.  The substantial risks of this litigation abundantly justify the fee requested herein.").

"'The higher payment due under a contingency fee reflects'" that there is a distinct possibility that plaintiffs' counsel could expend thousands of hours, incurring millions of dollars in fees, only to "'realize no return for his investment of time and office expenses in the cases he loses.'"  *Friedman's*, 2009 WL 1456698, at *3; *see also, e.g.*, *Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1449 (11th Cir. 1997) (reversing jury verdict of $81.3 million in securities class action and entering judgment for defendant); *Winkler v. NRD Mining, Ltd.*, 198 F.R.D. 355 (E.D.N.Y. 2000) (granting defendants' motion for judgment as a matter of law after verdict for plaintiffs).

- 14 -

That was especially true here where the Court granted Defendants' motion to dismiss the Amended Complaint. "No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance had agreed to pay for his services, regardless of success." *Detroit v. Grinnell Corp.*, 495 F.2d 448, 470 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *see also In re Marsh ERISA Litig.*, 265 F.R.D. 128, 148 (S.D.N.Y. 2010) ("There was significant risk of non-payment in this case, and Plaintiffs' Counsel should be rewarded for having borne and successfully overcome that risk."). In fact, Class Counsel continued to dedicate many hours to formulating Plaintiff's claims in the second amended complaint and retained the services of additional consultants in connection with that effort notwithstanding the risk that Class Counsel might not be compensated for those expenses.

Unlike Defendants' Counsel, who received ongoing payment, Plaintiff's counsel litigated this action entirely on a contingent fee basis, not receiving any compensation for their services for over two years. Plaintiff's counsel have expended 1,763 hours of attorney and professional time, resulting in a lodestar of $1,180,401.45, to prosecute and settle the Litigation with no guarantee of recovery and where the risk of collection was very speculative. *See* Robbins Geller Decl., ¶4; Johnson Fistel

- 15 -

Decl., ¶4; Herman Jones Decl., ¶4.  Thus, the substantial risks inherent in the contingent nature of Plaintiff's counsel's representation support the reasonableness of the requested fee.

### 5.    The Amount Involved and Result Obtained Support the Requested Fee

"The result achieved is a major factor to consider in making a fee award." *Pinto*, 513 F. Supp. 2d at 1342; *Friedman's*, 2009 WL 1456698, at *3 ("'It is [also] well-settled that one of the primary determinants of the quality of the work performed is the result obtained.'"); *Domestic Air*, 148 F.R.D. at 351 ("The most important element in determining the appropriate fee to be awarded class counsel out of a common fund is the result obtained for the class through the efforts of such counsel.").

"[C]lass action litigation should benefit the individuals who have been harmed." *In re TJX Cos. Retail SEC Breach Litig.*, 584 F. Supp. 2d 395, 406 (D. Mass. 2008). Accordingly, a court may judge the reasonableness of the attorneys' fees relative to the benefits actually provided to class members.  *Id.* at 403.  Here, there are approximately 8,000 Class Members.  The Settlement Administrator has reported that as of June 30, 2020, less than 1% of the Notices mailed have been returned as undeliverable.  *See* accompanying Declaration of Christopher D. Amundson of Analytics Consulting LLC Regarding Implementation of Notice Program ("Amundson Decl."), ¶9.

According to the damages estimate prepared by Class Counsel's damages consultant, the Settlement would recover approximately 78% of the total estimated damages. Kaufman Decl., ¶40. The percentage recovery here is much higher than typical recoveries in class actions in this and other Circuits.[6] The $3.47 million recovery is particularly noteworthy given the substantial obstacles Class Counsel faced.

In light of the amount and percentage recovery for the Class, the Settlement supports the reasonableness of the fee award.

### 6.    Fee Awards in Similar Cases Support the Requested Fee

Another *Johnson* factor "dictates that the reasonableness of a fee 'may also be considered in light of awards made in similar litigation within and without the court's circuit.'" *Allapattah Servs.*, 454 F. Supp. 2d at 1210. As discussed above, Class Counsel's requested fee of 33% of the Settlement Amount is well within the range of

---

[6]    *See, e.g.*, *Medoff v. CVS Caremark Corp.*, No. 09-CV-554-JNL, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016) (noting that 5.33% is "well above the median percentage of settlement recoveries in comparable securities class action cases"); *Mehling v. New York Life Ins. Co.*, 248 F.R.D. 455, 462 (E.D. Pa. 2008) (20% recovery in ERISA class action approved); *Strube v. Am. Equity Inv. Life Ins. Co.*, 226 F.R.D. 688, 698 (M.D. Fla. 2005) (approving settlement equal to 2% of estimated potential recovery); *In re Merrill Lynch Tyco Research Sec. Litig.*, 249 F.R.D. 124, 135 (S.D.N.Y. 2008) (approving settlement that was 3% of estimated damages and noting that the recovery "does not meaningfully diverge from the range of reasonableness for settlements of similarly-sized securities class actions"); *In re Cendant Corp., Derivative Action Litig.*, 232 F. Supp. 2d 327, 336 (D.N.J. 2002) (finding settlement that was less than 2% of the maximum possible recovery to be in the range of reasonableness).

- 17 -

awards approved in similar ERISA class actions as well as in similar class action cases with similar recoveries.  *See supra* Part II.A.

### 7.    The Reaction of the Class Supports the Requested Fee

The reaction of the Class to date also supports the appropriateness of the requested fee.  Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), the Settlement Administrator mailed over 8,000 copies of the Notice and Former Participant Rollover Form via First-Class Mail to Class Members and provided the Amended Settlement Agreement, Notice, Preliminary Approval Order, and other relevant case documents on the website www.InvescoERISASettlement.com.  Amundson Decl., ¶¶8, 17.  The Notice informed recipients that Class Counsel would ask the Court for attorneys' fees not to exceed 33% of the Settlement Amount, plus their litigation expenses to be paid from the Settlement Fund.  The Notice also informed recipients that Plaintiff would ask for an Incentive Award of $5,000.  *See* Amundson Decl., Ex. A.  Thus far, Class Counsel has not received a single objection to the requested fee or expense award or the Incentive Award for Plaintiff.

The "lack of numerous objections is evidence that the requested fee is fair." *Friedman's*, 2009 WL 1456698, at *3; *Garst v. Franklin Life Ins. Co.*, No. 97-C-0074-S, 1999 U.S. Dist. LEXIS 22666, at *91 (N.D. Ala. June 28, 1999) (holding that

- 18 -

receipt of only four objections to the fee request is "'strong evidence of the propriety and acceptability of that request'"); *Elkins v. Equitable Life Ins. Co. of Iowa*, No. CivA 96-296-CIV-T-17B, 1998 WL 133741, at *36 (M.D. Fla. Jan. 27, 1998) (finding that the one objection was "itself important evidence that the requested fees are fair"); *see also In re Glob. Crossing Sec. & ERISA Litig*., 225 F.R.D. 436, 469 (S.D.N.Y. 2004) (noting the significance that independent fiduciary did not object to attorneys' fee award).  Satisfaction of this factor supports the reasonableness of the fee award.

## C.   Class Counsel's Litigation Expenses Are Reasonable and Were Necessarily Incurred

It is well established that "class counsel's reasonable and necessary out-of-pocket expenses should be reimbursed." *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, 587 F. Supp. 2d 1266, 1272 (N.D. Ga. 2008); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1298-99 (11th Cir. 1999) (upholding payment of $2.4 million in expenses to class counsel).

Plaintiff's counsel incurred expenses and charges totaling $85,610.50.  *See* Robbins Geller Decl., ¶5; Johnson Fistel Decl., ¶5.  Exhibits B-D of the Robbins Geller Declaration itemize the various categories of expenses incurred by the Robbins Geller firm.  The expenses listed therein, which include, for example, expenses for consultants and online legal and financial research, were all reasonable and

- 19 -

necessarily incurred during the course of the Litigation to reach the favorable Settlement for the Class.  A large portion of the expenses, specifically $75,768.83, represents payments to consultants retained by Class Counsel to assist with the complex and extensive review and analysis of: (i) investment options under the Plan; (ii) the performance, fees, and composition of portfolios of the investment options under the Plan; (iii) alternative comparable investment options unaffiliated with Invesco; and (iv) the fiduciary obligations of the Plan fiduciaries.  *See* Robbins Geller Decl., ¶6(c).  These consultants were essential to Class Counsel's understanding of the complex financial issues present in this Litigation and provided support for Plaintiff's complaint, opposition to Defendants' motion to dismiss, draft second amended complaint, and settlement negotiations.  *Id.*  Class Counsel has not received a single objection to the requested expenses.

The expenses incurred by Class Counsel were of the type and amount routinely incurred in actions of this size and duration, and were essential to the successful prosecution of this Litigation.  *See* Kaufman Decl., ¶64.  Therefore, the Court should grant Class Counsel's request for payment of these expenses.

### D.    Plaintiff's Requested Incentive Award Is Reasonable

Plaintiff Cervantes requests an Incentive Award totaling $5,000 for the time and effort he devoted to the prosecution of the Litigation and his representation of the

- 20 -

Class.  "'Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'"  *Ingram,* 200 F.R.D. at 694.  "Incentive awards serve an important function, particularly where the named plaintiffs participated actively in the litigation."  *Allapattah,* 454 F. Supp. 2d at 1218.

As set forth more fully in Plaintiff Cervantes' Declaration, filed concurrently with this memorandum, Plaintiff devoted considerable time and energy to the prosecution of the Litigation, including communicating regularly with Class Counsel, assisting with counsel's investigation of the Plan, reviewing and approving certain court filings, and consulting with Class Counsel regarding settlement negotiations and terms.  Kaufman Decl., ¶¶68-69; Cervantes Decl., ¶¶5-7.

The Class's reaction to the requested Incentive Award further supports its approval.  In the Notice, Class Counsel advised the Class that it would seek an Incentive Award of $5,000 to Plaintiff for representing the Class.  To date, Class Counsel has not received a single objection from the Class to this request.  Thus, as the named Plaintiff, Diego Cervantes should be awarded $5,000 from the Settlement Fund.  *See, e.g.*, *Low v. Trump Univ., LLC*, 246 F. Supp. 3d 1295, 1314 (S.D. Cal. 2017), *aff'd*, 881 F.3d 1111 (9th Cir. 2018) (awarding service awards of $15,000 to each current and former named plaintiff); *In re Veritas Software Corp. Sec. Litig.*, 396

- 21 -

F. App'x 815, 816 (3d Cir. 2010) ($15,000); *Buccellato v. AT&T Operations, Inc.*, No.

C10-00463-LHK, 2011 WL 4526673, at *4 (N.D. Cal. June 30, 2011) ($20,000).

## III.   CONCLUSION

For all of the reasons discussed herein and in the supporting papers filed

herewith, Class Counsel respectfully requests that the Court: (1) approve Class

Counsel's award of attorneys' fees in the amount of 33% of the Settlement Amount,

and expenses in the amount of $85,610.50, plus interest on both amounts; and

(2) approve the Incentive Award for Plaintiff in the amount of $5,000.

DATED:  July 2, 2020                     Respectfully submitted,

                                         HERMAN JONES LLP


                                         */s/ John C. Herman*
                                         _____
                                         JOHN C. HERMAN
                                           (Georgia Bar No. 348370)
                                         CARLTON R. JONES
                                           (Georgia Bar No. 940540)
                                         3424 Peachtree Road, N.E., Suite 1650
                                         Atlanta, GA  30326
                                         Telephone:  404/504-6500
                                         404/504-6501 (fax)
                                         jherman@hermanjones.com
                                         cjones@hermanjones.com

                                         Local Counsel

- 22 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com

JOHNSON FISTEL, LLP
MICHAEL I. FISTEL, JR.
  (Georgia Bar No. 262062)
WILLIAM W. STONE
  (Georgia Bar No. 273907)
40 Powder Springs Street
Marietta, GA  30064
Telephone:  470/632-6000
770/200-3101 (fax)
michaelf@johnsonfistel.com
williams@johnsonfistel.com

Attorneys for Plaintiff

- 23 -

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14-point Times New

Roman font in accordance with Local Rule 5.1.

By: /s/ *John C. Herman*
    John C. Herman
     (Ga. Bar No. 348370)
    HERMAN JONES LLP
    jherman@hermanjones.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2020, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

By:  s/ John C. Herman
JOHN C. HERMAN
(Ga. Bar No. 348370)
HERMAN JONES LLP
jherman@hermanjones.com