UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| DIEGO CERVANTES, Individually and on Behalf of the Invesco 401(k) Plan and All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>INVESCO HOLDING COMPANY (US), INC., et al.,<br><br>       Defendants. | Civil Action No. 1:18-cv-02551-AT<br><br>CLASS ACTION<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

4823-8607-0469.v2

This matter having come before the Court on Plaintiff's motion for final approval of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Diego Cervantes ("Plaintiff"), individually and on behalf of a Class of participants in the Invesco 401(k) Plan (the "Plan"), and Defendants Invesco Holding Company (US), Inc., Invesco LTD., Invesco National Trust Company, Invesco Advisers, Inc., Invesco Benefits Plan Committee, Suzanne Christensen, John Coleman, Washington Dender, Peter Gallagher, David Genova, Douglas Sharp, Ben Utt, Gary Wendler, Kevin M. Carome, Loren M. Starr, and John Does 1-20 (collectively, "Defendants"), as set forth in the Parties' Amended Settlement Agreement dated April 1, 2020 (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

WHEREAS, Plaintiff in the Action on his own behalf and on behalf of the Class and the Plan, on the one hand, and Defendants on the other hand, have entered into the Settlement Agreement that provides for a complete dismissal with prejudice of all claims asserted in the Action against Defendants by the Class on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court;

4823-8607-0469.v2

WHEREAS, the capitalized terms not defined in this Final Judgment and Order of Dismissal with Prejudice ("Final Judgment") have the same meaning ascribed to them in the Settlement Agreement;

WHEREAS, by Order dated April 3, 2020 (the "Preliminary Approval Order"), this Court (1) preliminarily approved the Settlement Agreement; (2) conditionally certified a Class for purposes of settlement only under Federal Rule of Civil Procedure 23(b)(1); (3) preliminarily approved the appointment of Plaintiff as Class Representative; (4) preliminarily approved the appointment of Robbins Geller Rudman & Dowd LLP as Class Counsel; (5) directed notice be given to the Class and approved the form and manner of Notice; and (6) scheduled a Fairness Hearing;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on August 7, 2020 (the "Fairness Hearing") to consider, among other things, (1) whether the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and should be finally approved by the Court; (2) whether Class Counsel's application for an award of attorneys' fees and expenses is reasonable and should be approved; (3) whether Plaintiff's request for an Incentive Award is reasonable and should be

approved; and (4) whether this Final Judgment should be entered dismissing with prejudice all claims asserted in the Action against Defendants; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in this Action in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement Agreement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. This Final Judgment incorporates and makes a part hereof: (a) the Settlement Agreement; and (b) the Notice approved by the Court on April 3, 2020.

3. The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice reasonably practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise all Class Members of the pendency of the Action, of the effect of the Settlement Agreement (including the releases provided for therein), of their right to object to the Settlement

and appear at the Fairness Hearing, of Class Counsel's application for attorneys' fees and expenses, and of Plaintiff's request for an incentive award; (d) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement Agreement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and all other applicable law and rules.

4. Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies for purposes of Settlement only a Class of all participants in the Invesco 401(k) Plan from May 25, 2012 to the date of this Final Judgment and Order of Dismissal with Prejudice. Excluded from the Class are Defendants and members of the Invesco Benefits Plan Committee.

5. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects including, without limitation: (a) the terms of the Settlement Agreement; (b) the releases provided for therein; and (c) the dismissal with prejudice of the claims asserted in the Action. This Court finds that the Settlement Agreement is, in all respects, fair, reasonable and adequate, and is in the

best interests of Plaintiff and Class Members. The Parties are directed to implement, perform, and consummate the terms and provisions of the Settlement Agreement.

6. As of the Effective Date, pursuant to Federal Rule of Civil Procedure 54(b), all of the claims asserted in this Action against Defendants are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

7. The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on Plaintiff, Defendants, and all Class Members, as well as their respective current and former beneficiaries, heirs, descendants, dependents, administrators, executors, representatives, predecessors, successors, and assigns.

8. The releases set forth in the Settlement Agreement (the "Releases"), are expressly incorporated herein in all respects. The Releases are effective as of the date of the entry of this Final Judgment. Accordingly, this Court orders that:

(a) Upon the Effective Date, Plaintiff and every Class Member on behalf of themselves, their heirs, executors, administrators, successors, and assigns, and the Plan (subject to Independent Fiduciary approval as described in Section 2.2 of the Settlement Agreement) shall, with respect to each and every Plaintiff's Released Claims, be deemed to fully, finally and forever release, relinquish and forever discharge each and every Plaintiff's Released Claims

(including Unknown Claims) against any and all of Defendants and the Released Parties, and forever shall be enjoined from prosecuting any such Plaintiff's Released Claims.

(b) Upon the Effective Date, Defendants and the Released Parties, on behalf of themselves and their successors and assigns shall be deemed to fully, finally and forever release, relinquish and forever discharge each and every Defendants' Released Claims (including Unknown Claims), as to Plaintiff, the Class and their attorneys (including Class Counsel), and forever shall be enjoined from prosecuting any such claims.

(c) Nothing herein shall preclude any action to enforce the Settlement Agreement.

9. The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the claims asserted in the Action.

10. This Final Judgment, the Preliminary Approval Order, the Settlement Agreement (whether or not consummated), including the exhibits thereto, the negotiations that led to the agreement-in-principle reached by the Parties, the negotiation of the Settlement Agreement and its exhibits, and any papers submitted

- 6 -

in support of approval of the Settlement Agreement, and any proceedings taken pursuant to or in connection with the Settlement Agreement, including any arguments proffered in connection therewith:

    (a)    shall not be offered or received against Defendants or any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by Defendants or a Released Party of the truth of any fact alleged by Plaintiff or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or any of the Released Parties, or the appropriateness of certifying a non-settlement class;

    (b)    shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendants or any of the Released Parties;

    (c)    shall not be offered or received against Defendants or any of the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against Defendants or any of the Released Parties, in any

other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; provided, however, that if the Settlement Agreement is approved by the Court, Defendants or the Released Parties may refer to it to effectuate the liability protection granted them hereunder; and

(d)     shall not be construed against Defendants or any of the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could or would have been recovered after trial of the Action.

11.     Without affecting the finality of this Final Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement Agreement; (b) the disposition of the Settlement Fund; (c) Class Counsel's application for an award of attorneys' fees and expenses and Plaintiff's request for an incentive award; and (d) Class Members for all matters relating to the Action.

12.     A separate order shall be entered on Class Counsel's application for an award of attorneys' fees and expenses and Plaintiff's request for an incentive award.

Such order shall in no way affect or delay the finality of this Final Judgment and shall not affect or delay the Effective Date of the Settlement.

13. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Settlement Agreement or any exhibits attached thereto that: (a) are not materially inconsistent with this Final Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement Agreement.

14. If the Settlement Agreement does not go into effect or is terminated as provided for therein, then this Final Judgment (and any orders of the Court relating to the Settlement Agreement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Settlement Agreement.

15. There is no just reason to delay entry of this Final Judgment as a final judgment with respect to the claims asserted in the Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

DATED: __August 13, 2020___    _____
THE HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE