UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| DIEGO CERVANTES, Individually and on Behalf of the Invesco 401(k) Plan and All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>INVESCO HOLDING COMPANY (US), INC., et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 1:18-cv-02551-AT<br><br><u>CLASS ACTION</u><br><br>ORDER AWARDING ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARD |

4851-7049-8245.v1

This matter came before the Court for hearing on August 7, 2020 (the "Settlement Hearing") on Class Counsel's motion for an award of attorneys' fees, expenses, and Incentive Award for Plaintiff Diego Cervantes.  ECF No. 100.  The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and the Court having reviewed the supplemental materials submitted by counsel in response to the Court's questions at the Settlement Hearing (ECF No. 107); and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees, expenses, and Incentive Award requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Amended Settlement Agreement, dated April 1, 2020, ECF No. 93-1 (the "Settlement Agreement"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Class Members.

- 1 -

3. Notice of Class Counsel's motion for an award of attorneys' fees, expenses, and Incentive Award for Plaintiff was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Class Counsel are hereby awarded attorneys' fees of 33% of the Settlement Amount, plus litigation expenses in the amount of $85,610.50, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5. Plaintiff Diego Cervantes is awarded an Incentive Award of $5,000 from the Settlement Fund related to his representation of the Class.

6. The award of attorneys' fees and expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions and obligations of the Settlement Agreement, which terms, conditions, and obligations are incorporated herein.

7. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Eleventh Circuit and found that:

(a) The Settlement has created a fund of $3,470,000 in cash, pursuant to the terms of the Settlement Agreement, and Class Members will benefit from the Settlement created by the efforts of Class Counsel;

(b) The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Eleventh Circuit with similar recoveries;

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of ERISA class action litigation;

(d) Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(e) The claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

  (f) Over 8,000 copies of the Notice were mailed to potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 33% of the Settlement Amount, plus their litigation expenses, and there were no objections to the requested attorneys' fees and expenses.

  8. Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

  9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement Agreement.

  10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

  IT IS SO ORDERED.

DATED: August 13, 2020

*[signature]*

THE HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE